UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LAMON DAVID SIMMONS, )<br>)<br>Defendant. )<br>_____ ) | Case No. 1:04-cr-214<br><br>Honorable Janet T. Neff<br><br>**MEMORANDUM OPINION** |

Lamon Simmons is serving consecutive sentences of 135 months on three counts of distribution of crack cocaine. Former District Judge David W. McKeague imposed this sentence by judgment entered May 17, 2005, after Mr. Simmons entered a plea of guilty. Mr. Simmons did not appeal. On December 13, 2007, Mr. Simmons filed a *pro se* motion seeking return of certain photographs seized by federal officers (docket # 34). According to the government's response, miscellaneous photos were indeed seized by DEA agents on October 14, 2004, pursuant to a search warrant for Mr. Simmons' residence. (*See* docket # 37). By order of reference dated January 7, 2008, District Judge Janet T. Neff referred the motion to me.

Under federal law, a person aggrieved by an allegedly unlawful seizure of property or by the deprivation of property has two principal remedies. If a criminal case is pending, the aggrieved person may file a motion pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure for return of the property. After a person is convicted, however, the appropriate remedy is a civil action in equity. *See Stiger v. United States*, 100 F. App'x 370, 371-72 (6th Cir. 2004);

*United States v. Dusenbery*, 201 F.3d 763, 768 (6th Cir. 2000); *United States v. Duncan*, 918 F.2d 647, 654 (6th Cir. 1990); *accord Toure v. United States*, 24 F.3d 444, 445-46 (2d Cir. 1994). Where, as here, a defendant mistakenly files a Rule 41(g) motion after criminal proceedings against him have been completed, the district court should construe this motion as an independent civil complaint seeking equitable relief. *Stiger*, 100 F. App'x at 372; *see Dusenbery v. United States*, No. 95-4188, 1996 WL 549818 at * 1 (6th Cir. Sept. 25, 1996).

Under the foregoing authorities, this court's clear obligation is to construe Mr. Simmons' motion as a civil complaint. The Clerk will therefore be directed to establish a new civil case, which should be assigned to Judge Neff as a related case under W.D. Mich. LCivR 3.3.1(d)(iii)(A)(1). Because Mr. Simmons is presently incarcerated, his newly filed civil action is subject to the provisions of the Prisoner Litigation Reform Act (PLRA) of 1995, including that law's requirements concerning the payment of a filing fee. *See United States v. Jones*, 215 F.3d 467, 469 (4th Cir. 2000); *Stiger*, 100 F. App'x at 372.

An order will therefore enter transferring this case to the court's civil docket.


Dated: March 7, 2008 /s/ Joseph G. Scoville
United States Magistrate Judge